**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

TREY DAYES (AZ Bar # 020805)
treyd@phillipslaw.com
DAWN M. SAUER (AZ Bar # 030271)
dawns@phillipsdayeslaw.com
JOHN L. COLLINS (AZ Bar # 030351)
johnc@phillipsdayeslaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZIONA

| | |
|---|---|
| JENNIFER L SANDOVAL, a single woman, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| THE CLEANING SOLUTION SERVICE, LLC, an Arizona Limited Liability Company; DEBRA T. FENWICK and JOHN DOE FENWICK, wife and husband, | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff JENNIFER L. SANDOVAL (hereinafter "Plaintiff"), alleges as follows:

### NATURE OF THE CASE

1.     The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §207(a).

2.      Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.      Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA), and specifically the overtime provision of the FLSA found at §207(a). Plaintiff also brings this action against Defendants for unlawful failure to pay wages in direct violation of A.R.S. § 23-350.

4.      For at least one (1) year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.      For at least one (1) year prior to the filing of this action, Plaintiff worked approximately at least ten (10) to twenty (20) hours in excess of forty (40) hours per week and was not paid time and a half.

6.      For at least one (1) year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work additional hours each day without pay.

7.      For at least one (1) year prior to the filing of this action, Plaintiff worked at least six (6) to nine (9) hours per week that she was not paid for at all.

8.      Plaintiff also seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to A.R.S. § 23-355 and *inter alia*  A.R.S. § 12-341.01.

**JURISDICTION AND VENUE**

9.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

10.     Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

11.     The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

12.     At all times material hereto, Plaintiff was, and continues to be, a resident of Maricopa County, Arizona.

13.     Defendant THE CLEANING SOLUTION SERVICE, LLC is incorporated in the State of Arizona with its principle place of business at 1746 West Bell Road, Phoenix, Arizona 85023.

14.     Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant DEBRA T. FENWICK was, and is, the owner of THE CLEANING SOLUTION SERVICE, LLC, and makes all managerial and ownership decisions on behalf of the corporation.

15.     Upon information and belief, at all times material hereto, Defendant DEBRA T. FENWICK was, and is, a resident of Maricopa County, Arizona.

16.     Defendant JOHN DOE FENWICK is the fictitious name of Defendant DEBRA T. FENWICK'S husband. When his true name is ascertained, this complaint will be amended. DEBRA T. FENWICK and JOHN DOE FENWICK have caused events to take place giving

1 | rise to this complaint, as to which their marital community is fully liable.

2 |     17.    At all relevant times, Plaintiff was an "employee" of Defendant THE

3 | CLEANING SOLUTION SERVICE, LLC as defined by 29 USC § 203(e)(1).

4 |     18.    The provisions set forth in 29 U.S.C § 207 of the FLSA apply to Defendant THE

5 | CLEANING SOLUTION SERVICE, LLC.

6 |     19.    At all relevant times, Defendant THE CLEANING SOLUTION SERVICE, LLC

7 | was, and continues to be, an employer as defined in 29 U.S.C. § 203(d).

8 |     20.    Upon information and belief, Defendant DEBRA T. FENWICK is deemed an

9 | "employer" for the purposes of the FLSA, including, without limitation, 29 U.S.C. § 216, and

10 | is co-equally liable with Defendant THE CLEANING SOLUTION SERVICE, LLC for all

11 | matters.

12 |     21.    At all times material to this action, Defendant THE CLEANING SOLUTION

13 | SERVICE, LLC was, and is, an enterprise engaged in commerce or in the production of goods

14 | for commerce as defined by § 203(s)(1) of the FLSA.

15 |     22.    Upon information and belief, at all relevant times, the annual gross revenue of

16 | Defendant THE CLEANING SOLUTION SERVICE, LLC exceeded $500,000.00.

17 | **FACTUAL BACKGROUND**

18 |     23.    Defendants specialize in providing cleaning, maid, and janitorial services.

19 |     24.    Plaintiff was hired by Defendants in November 2012 as a non-exempt hourly

20 | paid trainer and supervisor.

21 |     25.    Plaintiff's job responsibilities included driving the company vehicle to job sites

22 | to clean homes and offices, filling out paperwork, and contacting customers.

23 |     26.    From November 2012 through January 20, 2013, Plaintiff was paid a rate of

24 | $7.65 per hour.

25 | / / /

27.     From January 21, 2013 through February 3, 2013, Plaintiff was paid a rate of $7.80 per hour.

28.     From February 4, 2013 through September 2013, Plaintiff was generally paid a rate of $8.50 per hour, except on any day where there was any complaint made by a client, Plaintiff's pay was reduced to $7.80 per hour for that entire day.

29.     Plaintiff was a non-exempt employee.

30.     Plaintiff was not a manager.

31.     Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

32.     Plaintiff mostly worked outside the office offsite.

33.     Upon information and belief, from November 2012 through September, 2013, Plaintiff worked approximately forty (40) to sixty (60) hours per week.

34.     Upon information and belief, from November 2012 through September, 2013, Plaintiff was not paid for most of the hours worked over forty (40) hours per week.

35.     Upon information and belief, from November 2012 through September, 2013, Defendants failed to properly compensate Plaintiff for all her overtime hours.

36.     Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

37.     Defendants frequently deducted pay for time Plaintiff spent traveling between job sites.

38.     Defendants deducted an hour of pay each day for lunch.

39.     Plaintiff was not permitted to take any time off for lunch, and was expected to eat her lunch in the company vehicle while driving to the next work site.

/ / /

/ / /

40.     Plaintiff worked approximately fifteen (15) minutes each day off-the-clock at the beginning of her shift, getting supplies ready for her cleaning jobs that day.  Plaintiff was not paid for this time.

41.     Plaintiff worked approximately fifteen (15) minutes each day off-the-clock at the end of her shift, putting away her supplies and placing towels in the wash.  Plaintiff was not paid for this time.

42.     Plaintiff was on call for thirty (30) minutes after her shift ended every day.

43.     Plaintiff was paid straight time for some hours worked over forty (40) hours per week.

44.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were/was willful.

45.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

46.     Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C. to represent her in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

**COUNT ONE**

**<u>VIOLATION OF FAIR LABOR STANDARDS ACT § 207</u>**

47.     Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

48.     While employed by Defendants, Plaintiff consistently and regularly worked overtime each week.

49.     Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

/ / /

50.     As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with § 207 of the FLSA.

51.     Under 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half  times her regular pay rate for each hour of overtime worked per week.

52.     In addition to the amount of unpaid wages owed to Plaintiff, Plaintiff is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

53.     Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

54.     Defendants have not made a good faith effort to comply with the FLSA.

55.     Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

   a. Awarding Plaintiff overtime compensation in the amount due to her for all of her time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work for Defendants;

   b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   c. Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

   d. For Plaintiff's costs incurred in this action;

/ / /

/ / /

e.  Awarding Plaintiff's pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiff's post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  For such other and further relief as the Court deems just and proper.

## COUNT TWO

## FAILURE TO PAY WAGES

56.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

57.   Upon information and belief, from November 2012 through September, 2013, Defendants failed to pay Plaintiff "wages" (as that term is defined by A.R.S. § 23-350) at Plaintiff's regular rate of pay while employed by the Defendants.

58.   Upon information and belief, Defendants' failure to pay Plaintiff said wages was willful, unreasonable, and in bad faith.

59.   Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount calculated above.

60.   Pursuant to, *inter alia,* A.R.S. § 12-341.01, Plaintiff is entitled to an award of her attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.  Awarding Plaintiff regular compensation in the amount due to her for all of Plaintiff's time worked that was not compensated for while at work for Defendants.

/ / /

b.  Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph.

c.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to A.R.S. § 12-341.01.

d.  For Plaintiff's costs incurred in this action.

e.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full.

f.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full.

g.  Ordering any other and further relief as the Court deems just and proper.

**COUNT THREE**

**<u>DECLARTORY JUDGMENT</u>**

61.  Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

62.  Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

63.  The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

64.  Plaintiff may obtain declaratory relief.

65.  Defendants employed Plaintiff.

66.  Defendants are enterprises covered by the FLSA.

67.  Plaintiff is individually covered by the FLSA.

68.  Plaintiffs is entitled to overtime wages pursuant to 29 U.S.C. §207.

69.  Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

70.     Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

71.     Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA or A.R.S. § 23-350, or in their failure to pay wages and/or overtime compensation.

72.     It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

73.     The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

b.  Declaring, pursuant to A.R.S. § 23-350, that the acts and practices complained of herein are in violation of A.R.S. § 23-350.

c.  For Plaintiff's costs incurred in this action.

d.  Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b) and A.R.S. § 12-341.01.

e.  For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

Complaint and Demand for Jury Trial

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff hereby requests that upon trial of this action, all issues be submitted to and

3 determined by a jury except those issues expressly reserved by law for determination by the

4 Court.

5

6 Dated:  December 9, 2013                    Respectfully submitted,

7                                            **PHILLIPS DAYES LAW GROUP PC**

8

9                                            /s/ Dawn M. Sauer
                                             Dawn M. Sauer, Esq.
10                                           Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25